# SUPREME COURT OF TENNESSEE,

11L 505
12L 529

FOR THE

## EASTERN DIVISION,

KNOXVILLE, ....... SEPTEMBER TERM, 1883.

W. A. DENTON *et al. v.* GIPSON WOODS' Administrator
and heirs.

BOND, APPEAL. *Costs. Surety.* A surety to a bond for damages and
costs given as required by law upon appeal to this court by the de-
fendant in a chancery case, is only liable for the costs incident to the
appel, and not for the costs of the court below.

FROM COCKE.

Appeal from the Chancery Court at Newport.  H.
C. SMITH, Ch..

G. W. PICKLE for complainants.

WM. McFARLAND and W. J. McSWEEN for de-
fendants.

COOPER, J., delivered the opinion of the court.

At the hearing below a decree was rendered, upon

a settlement of accounts, in favor of complainants against the defendant, James Woods, as administrator of Gipson Woods, deceased, for $618.05 and the costs of the cause. From this decree he prayed an appeal, which was granted upon his giving bond with security in the sum of $1,200, "for the prosecution of said appeal." The bond was given to prosecute the appeal with effect, or "to pay, satisfy and abide by the judgment of this court that may be rendered." The chancellor's decree was modified by this court at the present term so that the accounts of the parties were balanced, the complainants were ordered to pay the costs of this court, and the appellant as administrator the costs of the court below, including the costs incurred, upon a remand for the purpose, in supplying certain lost papers. The complainants now apply to charge the sureties of appeal with the costs adjudged against the appellant.

The recovery below having been upon open accounts, and against the appellant as administrator, the bond was too broad: *Gorric* v. *Henderson*, 5 Yer., 197; *Banks* v. *McDowell*, 1 Cold., 85. In such a case, the surety is liable to the extent of the obligation which the law imposes, within the terms of the bond, upon the principal as a condition of his appeal: *Terry* v. *Stakely*, 3 Yer., 506; *Sharpe* v. *Pickens*, 4 Cold., 268; *Nichols* v. *McCombs*, 2 Yer., 83. In the first of the cases thus cited, decided in 1832, and again in the second case cited, decided in 1867, the courts held that the liability would only be for the costs and damages incident to the appeal, and did not extend to the costs of the court below. In the first case, the appeal was

by the complainant in a chancery suit from a decree dismissing his bill with costs.   In the other, the appeal was by the defendant from a judgment against him at law.   The same bond was then, and is yet required for the appeal at law and in equity, except in equity causes, where the decree is for a specific sum of money against a party in his own right, or where real estate is ordered to be sold:  Code, secs. 3164, 3164 a.  And the bond in this case should only have been for damages and costs:  Code, sec. 3163.  A surety in an equity cause even for costs undertakes with reference to the discretionary power of the court to award costs without regard to the result of the suit:  *Allison* v. *Stephens,* 2 Head, 251;  *Glaze* v. *Eason,* 2 Yer., 301.  But the question would still be whether any costs can be adjudged upon an appeal bond except the costs incident to the appeal.

The liability of a surety, it was said in one of our cases, is limited by the terms of his bond.  " Nothing can be added, otherwise men would be bound not by the contracts they have entered into, but what the court might presume they intended to enter into ":  *Nichol* v. *McCombs,* 2 Yer., 83.  But in *Ogg* v. *Leivant,* 1 Heis., 40, the contrary was ruled.  There the bond for the prosecution of a chancery suit was conditioned " to pay all costs and damages that might be decreed by the chancery court."  The complainant successfully prosecuted the suit in the chancery court to a decree, which was reversed upon appeal by the defendant, and the bill dismissed with costs.  And this court held that the costs of both the court below and of the ap-

pellate court might be adjudged against the complainant and his surety. The decision was rested upon the provisions of the act of 1860, ch. 120 (Rev. Code, sec. 3196, *a, b, c*). The first section of this act is: "In all cases of bonds for the prosecution of original suits, or by appeal, *certiorari*, or writs of error, or where there is security taken of record in any of the courts of the State, or before a justice of the peace, the security shall undertake to pay all costs that may be at any time adjudged against his principal, in the event it is not paid by said principal." Section 3 is: "No omission or neglect to insert the proper condition in any such bonds shall vitiate or impair the validity of the same." The court thought that the effect of this act was to make all sureties mentioned therein liable for all costs which might be adjudged against their principal notwithstanding the terms of the bond, the law becoming a part of the contract. And this decision has been since followed.

If the question were *de novo*, I should be inclined to think that the statute, by its first section, merely intended to provide that in any of the cases specified the principal might be required to give a bond which would in terms cover all the costs accruing thereafter, which might at any time be adjudged against him, but that if a different bond was taken the surety could not be held liable beyond its terms. The third section merely re-enacts what had always been the law, that a failure to insert the proper condition would not affect the validity of the bond to the extent of its actual conditions. And the language of the learned judge who

delivered the opinion of the court in *Deaton* v. *Mulvaney*, 1 Lea, 73, tends to the same conclusion.

Even in this view of the statute the language of the bond before us is broad enough to include "all costs that may be at any time adjudged against the principal," for the condition is "to pay the judgment of this court that may be rendered." If, therefore, the appellant might be required to give a bond to cover the costs of the court below, he may be held to have actually executed such a bond. But we are clearly of opinion that the "damages and costs" which an appellant to this court is required to give under the statute are only the costs and damages incident to the appeal. The law remains as it always has been, and the liability on the bond is for costs subsequently accruing.

Motion disallowed.